

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:14-CR-397-1 |
| | ) |
| TC MEDICAL GROUP, | ) |
| | ) |
| Defendant. | ) |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on May 7, 2015, the defendant, TC Medical Group, pled guilty to Count One of the indictment charging the defendant with conspiracy to commit offenses against the United States, in violation of Title 18, United States Code, Section 371, and Count Twenty-Four of the Indictment, charging the defendant with the unlicensed wholesale distribution of prescription drugs, in violation of Title 21, United States Code, Section 331(t), and the defendant agreed to the forfeiture of all interests in any drug or fraud-related assets that the defendant owns or over which the defendant exercises control, directly or indirectly, as well property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense, or facilitating property or property involved in the offense, including but not limited to Bank of Nova Scotia account ending in 0915, in the amount of $187,991.06;

WHEREAS, the conspiracy in which the defendant participated obtained at least $30,323,486 (USD) in illegal proceeds from smuggling misbranded drugs and devices into the United States, introducing misbranded drugs and devices in interstate commerce, and engaging in the unlicensed wholesale distribution of prescription drugs, an amount for which the defendant shall be jointly and severally liable with any and all convicted co-defendants;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2 (b)(4) and 43(a) with respect to notice in the indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a money judgment, pursuant to Fed. R. Crim. P. 32.2(b)(1), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a), against the defendant, TC Medical Group, for $30,323,486 (USD), an amount that represents illegal proceeds the defendant obtained in violation of 18 U.S.C. §§ 371, 545 and 21 U.S.C. § 331, the offenses to which the defendant pled guilty and an amount for which the defendant shall be jointly and severally liable with any and all convicted co-defendants.

2. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets.

3. In partial satisfaction of the money judgment, the following property shall be forfeited to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a), and 21 U.S.C. § 853(p), up to the total amount of $30,323,486 (USD) as property that is traceable to, derived from, fungible with or a substitute for property that constitutes the proceeds of the offense:

> All funds in Bank of Nova Scotia (Scotiabank) account no. 01172-01309-15, held in the name of SB Medical, Inc.

4. The Attorney General, Secretary of the Treasury, The Secretary of Homeland Security, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. ' 853(g).

5. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov , for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. ' 853(n)(1) & (2).

6. This Order of Forfeiture is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4) and 21 U.S.C. ' 853(a).

7. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. ' 853(n)(2).

8. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. ' 853(n)(7).

3

9. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

Dated this 20TH day of August 2015.

/s/  
Anthony J. Trenga  
United States District Judge

WE ASK FOR THIS:

Dana J. Boente  
United States Attorney

By:  
Kellen S. Dwyer  
Jay V. Prabhu  
Assistant United States Attorneys

Reuven Lexier for TC Medical Group  
Defendant

Jeffrey Robinol Lamkin, Esq.  
Counsel for the Defendant

4